IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAIMLER CHRYSLER FINANCIAL
SERVICES AMERICAS LLC, a
Michigan Limited liability company

               Plaintiff,

     v.

HINTZ PROPERTIES LLC, a
Wisconsin limited liability company,
JOHN C. HINTZ, an individual and
NANCY R. HINTZ,

               Defendants.

OPINION AND ORDER

07-C-0101-C

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This is a civil action brought by plaintiff DaimlerChrysler Financial Services Americas, LLC against defendants Hintz Properties LLC, John C. Hintz and Nancy R. Hintz, seeking to enforce certain guaranties they executed in favor of plaintiff. Defendants have admitted all of the material allegations in the complaint but dispute the amount of damages owing. Diversity jurisdiction is present. The parties are all of diverse citizenship and more than $75,000 is in dispute. 28 U.S.C. § 1332.

The case is before the court on plaintiff's motion for summary judgment, which is

1

supported by a brief and proposed findings of fact.   Although defendants have not responded, their failure to respond does not mean that they lose the motion automatically. Tobey v. Extel/Jwp Inc., 985 F.2d 330, 332 (7th Cir.1993).   However, it does mean that the court will accept as true all of plaintiff's proposed findings of fact, assuming they are properly supported.   Glass v. Dachel, 2 F.3d 733, 739 (7th Cir.1993).   In addition, plaintiff is precluded from "elaborat[ing] on the legal theories presented in his complaint, or rais[ing] any new [legal theories]."  Johnson v. Gudmundsson, 35 F.3d 1104, 1112 (7th Cir.1994) (citation omitted).  Finally, summary judgment will be granted only if the moving party is entitled to prevail as a matter of law.  Tobey, 985 F.2d at 332.

I conclude from the undisputed facts that plaintiff has shown that it is entitled to prevail on its claim as a matter of law.  Plaintiff is entitled to enforce the guaranties executed by defendants to collect the sums due under those guaranties.


UNDISPUTED FACTS

Plaintiff DaimlerChrysler Financial Services Americas, LLC is a commercial lender providing equipment leasing and equipment financing to trucking companies.  Plaintiff provides financing services to the commercial trucking industry through a special division, DaimlerChrysler Truck Financial.

Plaintiff and Trac, Inc., a midwestern trucking company, are parties to sixteen

2

agreements, wherein plaintiff leased Trac various Freightliner trucks and other trucking equipment described in the schedules accompanying each agreement.

Defendant Hintz Properties LLC is a limited liability company formed under the laws of the state of Wisconsin with its principal place of business in Menominee, Wisconsin. Defendant John C. Hintz is a citizen of Wisconsin and the sole member of defendant Properties.  Defendant Nancy R. Hintz is a citizen of Wisconsin.

Defendants executed various guaranties whereby they unconditionally guarantied the prompt payment of any obligations of Trac and of each defendant in favor of plaintiff. Defendants John Hintz and Nancy Hintz also signed as guarantors on various specific lease extension agreements between plaintiff and Trac.  The dates of these guaranties range from December 22, 2000 through September 1, 2005.  Each guaranty is a continuing guaranty and no defendant has terminated any of the guaranties.

At some time before July 2004, Trac defaulted in its obligations to plaintiff under the agreements by failing to pay rent under the agreements when due.  Thereafter, plaintiff entered into a deferment agreement, dated July 26, 2004, whereby it agreed to defer certain rent payments due under the agreements.  The effectiveness of the deferment agreement was conditioned upon plaintiff's receipt of a cross-guaranty and extension agreements for each of the agreements referred to in the deferment agreement.

Plaintiff relied on the guaranties in making its decision to extend credit to Trac and

3

would not have entered into the 16 agreements with Trac had the guaranties not existed. Each guaranty states in essence that it is a material inducement to plaintiff's extension of credit to the obligors. Plaintiff would not have extended any of the indebtedness to any obligor but for the guarantors' execution of the guaranty.

In July and August 2004, pursuant to the deferment agreement, plaintiff and Trac entered into various extension agreements with regard to the leases, whereby plaintiff agreed to modify the terms of the individual leases. In connection with these extension agreements, Trac and defendants executed a continuing cross-guaranty on or about August 2, 2004, under which they unconditionally guarantied the prompt and punctual payment of all of the obligations of each defendant and Trac in favor of plaintiff.

On or about February 2005, plaintiff financed Trac's purchase of one Freightliner truck at the maturity of one agreement evidenced by a direct purchase money loan and security agreement dated February 28, 2005. In connection with the execution of the loan, defendant John Hintz signed as guarantor of Trac's obligations in favor of plaintiff.

At some time before July 2005, Trac asked for another extension of the terms of the agreements and plaintiff agreed. On or about July 20, 2005, plaintiff entered into various additional extension agreements with Trac. Plaintiff agreed to additional modifications of the terms of the individual agreements.

Each continuing guaranty states, or uses similar language to the same effect:

4

Each guarantor further waives all rights which that Guarantor has or may have by statute or otherwise to require [plaintiff] to institute suit against any Obligor or to exhaust its rights and remedies against any Obligor, each Guarantor being bond to the payment of the Indebtedness as fully as if same were directly owing to [plaintiff] by Guarantor and as fully as if such Guarantor was a joint maker with any Obligor upon each note made or hereafter made by any Obligor to [plaintiff].   Each Guarantor further waives notice of adverse change in any Obligor's financial condition or of any other fact which might materially increase Guarantor's risk.

In the guaranties, defendants waived all of their defenses other than payment.  They agreed that "All remedies or actions for the enforcement by [plaintiff] of the payment of the Indebtedness are cumulative and the pursuit of one shall not preclude the enforcement of any other rights or remedies."  Also, they agreed to pay plaintiff for Trac's indebtedness on the basis of the amounts owed as recorded in plaintiff's books and to pay attorney fees incurred by plaintiff in enforcing payment under the guaranties.

Trac has defaulted under the agreements and the Direct Purchase Money Loan and Security Agreement of February 28, 2005 by failing to make payments under these agreements and it has defaulted by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 2, 2006.

On May 25, 2006, plaintiff sent notice to Trac and defendants of Trac's defaults under the agreements and the loan and demanded performance by Trac.  On November 10, 2000, plaintiff sent another notice of default and demand for payment to defendants.

Trac is in default.  On March 28, 2007, United States Bankruptcy Judge Thomas S.

5

Utschig entered an order approving plaintiff and Trac's "stipulation of Settlement of All Issues Relating to Motion for Adequate Protection and Financial Relationship Between Debtor Trac, Inc. and DaimlerChrysler Financial Services Americas LLC." Trac is indebted to plaintiff for $2.3 million, $1,134,818.54 of which is secured debt and $1,146,140.99 is unsecured debt. According to the settlement agreement, the unsecured debt was "to be further increased by amendment for any deficiency" on resold collateral. The agreement also provides that Trac and plaintiff agree that plaintiff retains all rights provided in various guaranty agreements and may pursue any or all guarantors of Trac's obligations to plaintiff in full under the agreements and retail installment contract.

Since the settlement stipulation was entered, Trac has returned some units to plaintiff and made some payments toward its debt but it has not paid all amounts due and owing to plaintiff.

With the return of certain trucks by Trac, the total debt to plaintiff is $1,823,597.84 ($1,465,718.11 of which represents the net investment on units remaining in Trac's possession; $45,987.00 represents pre-petition fees; $158,920.14 represents a disposed assets deficiency for repossessed and sold units; and $142,972.59 represents inventory assets for repossessed and unliquidated units).

6

OPINION

It is undisputed that defendants are guarantors of Trac's indebtedness to plaintiff pursuant to the guaranties, whereby each defendant unconditionally guarantied the prompt payment of all obligations of Trac in favor of plaintiff.  Pursuant to the terms of the guaranties, defendants are personally liable on a joint and several basis for all amounts due and owing to plaintiff from Trac and for attorney fees incurred by plaintiff in enforcing payment under the guaranties.  According to their answer, however, they contend that they are without knowledge or information to determine whether they are primarily and independently liable for Trac's obligations.

A review of the guaranties answers any question defendants might have about their liability for Trac's debts.  In those guaranties, defendants waived all defenses other than the payment of the indebtedness and they agreed that each was "bond to the payment of the Indebtedness as fully as if same were directly owing" to plaintiff.  In light of these agreements, defendants are primarily and independently liable to plaintiff for Trac's obligations.  First Wisconsin National Bank of Oshkosh v. Kramer, 74 Wis. 2d 207, 212, 246 N.W.2d 536, 539 (1976) (plaintiff entitled to immediate recovery from sureties who guarantied payment without having to exhaust efforts to recover by foreclosure or otherwise); see also M&I Marshall & Ilsley Bank v. Schlueter, 2002 WI App 313, ¶ 11, 258 Wis. 2d 865, 655 N.W.2d 521 ("Guaranties of payment are absolute").  Plaintiff may

enforce defendants' obligations under the guaranties directly against defendants without first proceeding against Trac or any single guarantor or any security given for the extension of funds.

Defendants have not suggested that the settlement reached in the bankruptcy court affects their liability to plaintiff. It would not. It provides expressly that plaintiff retains all rights provided in various guaranty agreements and the right to pursue any or all guarantors of Trac's obligations to plaintiff in full under the agreements and the retail installment contract.

Defendants' liability to plaintiff arises under the guaranties that defendants signed, agreeing to pay the amounts owed by Trac, as shown in plaintiff's books. That amount is $1,823,597.84: $45,987.00 in pre-petition fees; $158,920.14 in disposed asset deficiency for repossessed and sold units; and $142,972.59 in inventory assets for repossessed and unliquidated units.

ORDER

IT IS ORDERED that the motion for summary judgment filed by plaintiff DaimlerChrysler Financial Services Americas, LLC is GRANTED. The clerk of court is directed to enter judgment for plaintiff against defendants Hintz Properties LLC, John C. Hintz and Nancy R. Hintz in the amount of $1,823,597.84, plus reasonable attorney fees

and close this case.

Entered this 31st day of October, 2007.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge